UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| HARDWOODS SPECIALTY PRODUCTS US LP, | ) ) ) ) | |
| Plaintiff, | ) ) | Ct. No. 25-00117 |
| v. | ) ) ) | |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT**

Plaintiff Hardwoods Specialty Products US LP ("Plaintiff"), by and through its counsel, alleges as follows:

## I.    PROCEEDING UNDER REVIEW

1.    This action seeks judicial review of certain aspects of the final results of the fifth administrative review of the antidumping ("AD") order on Certain Hardwood Plywood Products ("hardwood plywood") from the People's Republic of China ("China") conducted by the U.S. Department of Commerce ("Commerce").  See <u>Certain Hardwood Plywood Products From the People's Republic of China: Final Results of Administrative Reviews of the Antidumping and Countervailing Duty Orders, Final Determination of No Shipments; 2021– 2022</u>, 90 Fed. Reg. 21,271 (Dep't of Commerce May 19, 2025) ("<u>Final Results</u>"), and accompanying Issues and Dec. Mem. ("Final I&D Mem.").  The review in question covers entries of hardwood plywood during the period of review ("POR") from September 26, 2021 through December 31, 2022.

## II.    JURISDICTION AND STANDARD OF REVIEW

2.    Plaintiff brings this action pursuant to the Tariff Act of 1930, as amended (the "Act"), sections 516A(a)(2)(A)(i)(I), (B)(iii), 19 U.S.C. § 1516a(a)(2)(A)(i)(I), (B)(iii).

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and sections 516A(a)(2)(A)(i)(I), (B)(iii) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(i)(I), (B)(iii).

4. The standard of review, as set forth in section 516A(b)(1)(B)(i) of the Act, 19 U.S.C. § 1516a(b)(1)(B)(i), is whether the determinations, findings or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

### III.     STANDING

5. Plaintiff is a U.S. importer of hardwood plywood manufactured in Vietnam. Plaintiff was a party to the proceeding that led to the contested determination through the submission of arguments in its case brief. Plaintiff is, therefore, an "interested party" within the meaning of sections 771(9)(A) and 516A(f)(3) of the Act, 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3).

6. Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c).

### IV.     TIMELINESS OF THIS ACTION

7. On May 19, 2025, Commerce published the Final Results in the Federal Register. See Final Results, 90 Fed. Reg. at 21,271.

8. Plaintiff filed a summons to initiate this case on June 18, 2025, within 30 days of the publication of the Final Results in the Federal Register. See Summons (June 18, 2025), ECF No. 1. This complaint is being filed within 30 days after the date on which the summons was filed.

9. Plaintiff's summons and complaint, thus, are timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(iii) and USCIT R. 3(a)(2), 6(a).

## V.     STATEMENT OF FACTS

10. On January 4, 2018, Commerce issued the AD and countervailing ("CVD") orders on hardwood plywood from China. See <u>Certain Hardwood Plywood Products from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order</u>, 83 Fed. Reg. 504 (Dep't of Commerce Jan. 4, 2018); <u>Certain Hardwood Plywood Products from the People's Republic of China: Countervailing Duty Order</u>, 83 Fed. Reg. 513 (Dep't of Commerce Jan. 4, 2018).

11. Following an allegation from the domestic industry, on June 17, 2020, Commerce initiated scope and country-wide anti-circumvention inquiries, pursuant to 19 C.F.R. § 351.225(c) and (h) and section 781(b) of the Act, 19 U.S.C. § 1677j(b), to determine whether hardwood plywood manufactured from Chinese-origin core veneers, multi-ply core veneer panels, and/or veneer core platforms and assembled in Vietnam was either covered by the scope or should be included within the scope of the AD and CVD orders on hardwood plywood from China. See <u>Certain Hardwood Plywood Products from the People's Republic of China: Initiation of Anti-Circumvention Inquiries and Scope Inquiries on the Antidumping Duty and Countervailing Duty Orders; Vietnam Assembly</u>, 85 Fed. Reg. 36,530 (Dep't of Commerce June 17, 2020).

12. Commerce initiated its scope and circumvention inquiries on five production scenarios:

> (1) face/back veneers and assembled core components (e.g., veneer core platforms) manufactured in China; (2) fully assembled veneer core platforms manufactured in China and face/back veneer produced in Vietnam or third countries; (3) multi-ply panels of glued core veneers manufactured in China and combined in Vietnam to produce veneer core platforms and combined with either face and/or back veneer produced in China, Vietnam, or a third country; (4) face/back veneers and individual core veneers produced in China; and (5) individual core veneers manufactured in China and processed into a veneer core platform in Vietnam and combined with face/back veneer produced in Vietnam or a third country.

<u>Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Scope Determination and Affirmative Preliminary Determination of Circumvention of the Antidumping and Countervailing Duty Orders</u>, 87 Fed. Reg. 45,753, 45,754 (Dep't of Commerce July 29, 2022) ("<u>Prelim. Circ. Determination</u>"), and accompanying Prelim. Dec. Mem. at 7 ("Prelim. Circ. Dec. Mem.").

13.  On July 29, 2022, Commerce issued its preliminary determination, making either an affirmative scope determination or an affirmative, country-wide circumvention determination on all five production scenarios.  See <u>Prelim. Circ. Determination</u>, 87 Fed. Reg. at 45,754; Prelim. Circ. Dec. Mem. at 26-27.  Commerce preliminarily determined, based on application of adverse facts available ("AFA"), that 36 companies, including Greatwood Hung Yen Joint Stock Company ("Greatwood Hung Yen") and Greatwood Company Limited ("Greatwood Company"), were ineligible to certify that their plywood was not manufactured under one of five scenarios subject to the inquiries (i.e., shipped hardwood plywood that was assembled in Vietnam using certain Chinese inputs).  <u>See</u> Prelim. Circ. Dec. Mem. at 26-27.

14.  As part of its preliminary circumvention determination, Commerce established a certification regime for exporters and importers of hardwood plywood allowing such companies to certify that their exports/imports are not subject to the scope of the AD and CVD orders on hardwood plywood from China because they were completed in Vietnam using non-Chinese origin hardwood plywood inputs.  See <u>Prelim. Circ. Determination</u>, 87 Fed. Reg. at 45,754; Prelim. Circ. Dec. Mem. at 27.  Commerce's certification regime did not allow the 36 companies for which Commerce had applied AFA (the "blacklist companies") to certify that their entries were not produced using any of the Chinese hardwood plywood input scenarios subject to Commerce's circumvention inquiry and required cash deposits at the applicable rates.  See <u>Prelim. Circ.</u>

Determination, 87 Fed. Reg. at 45,754-55; Prelim. Circ. Dec. Mem. at 13. Commerce stated that it would "reconsider the eligibility of the 36 companies in question to participate in the certification process if they demonstrate in a future segment of the proceedings (e.g., a changed circumstances review or administrative review) that the hardwood plywood they produce in and/or export from Vietnam was not produced under any of the {five production scenarios}." Prelim. Circ. Dec. Mem. at 27-28.

15.    In its final circumvention determination, Commerce revised its scope determination to find that the first three production scenarios are not covered by the scope of the AD and CVD orders on hardwood plywood from China. See Certain Hardwood Plywood Products From the People's Republic of China: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders, 88 Fed. Reg. 46,740, 46,741 (Dep't of Commerce July 20, 2023) ("Final Circ. Determination"), and accompanying Issues and Dec. Mem. at 10-14 ("Final Circ. I&D Mem."). Commerce ultimately found that products produced under all five of the production scenarios circumvented the AD and CVD orders on hardwood plywood from China. See Final Circ. Determination, 88 Fed. Reg. at 46,741. Commerce also continued to rely on AFA to determine that 37 companies produced hardwood plywood under all five production scenarios. See id. at 46,740; see also id. at 46,743, App. V (providing the list of companies that Commerce determined failed to cooperate).[1]

16.    With respect to Greatwood Hung Yen, Commerce determined that it had erred in its preliminary findings, reversing course and concluding that the application of AFA was not

---

[1] Commerce removed certain companies from its blacklist while adding others. See Final Circ. I&D Mem. at 103, 165-66.

5

warranted for Greatwood Hung Yen for the final determination. Final Circ. I&D Mem. at 75-76. Commerce stated as follows:

> <u>Because Commerce erred in its preliminary findings with respect to Greatwood Hung Yen</u>, for this final determination, we have revised our AFA finding with respect to Greatwood Hung Yen <u>and find that it no longer exported inquiry merchandise</u>. Accordingly, we will modify the instructions issued to CBP to permit Greatwood Hung Yen (formerly Greatwood Company Limited) to certify its entries of noninquiry merchandise.

<u>Id.</u> at 76 (emphases added).

17. Commerce also recognized that Greatwood Hung Yen was formerly known as Greatwood Company. <u>Id.</u> at 109.

18. In its final circumvention determination, Commerce maintained the certification regime that it established in its preliminary circumvention determination, including prohibiting the blacklist companies from participating in the certification regime to show that their merchandise was not subject to AD/CVD duties. <u>See</u> <u>Final Circ. Determination</u>, 88 Fed. Reg. at 46,741-43; <u>see also</u> <u>Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Preliminary Determinations of No Shipments, and Partial Rescission; 2021-2022</u>, 89 Fed. Reg. 66,346 (Dep't of Commerce Aug, 15, 2024) ("<u>Prelim. AD Results</u>"), and accompanying Dec. Mem. at 20-21 ("Prelim. AD Dec. Mem."). Commerce then found that Greatwood Hung Yen <u>was eligible</u> for the certification regime.

19. As part of this certification regime, Commerce imposed specific requirements on U.S. importers. Namely, U.S. importers "<u>must prepare and maintain</u> . . . documentation to support the importer certification" as well as "<u>maintain</u> . . . relevant supporting documentation from the exporter of the hardwood plywood assembled in Vietnam that was not produced using any of the Chinese hardwood plywood input scenarios subject to {Commerce's affirmative circumvention finding}." <u>Final Circ. Determination</u>, 88 Fed. Reg. at 46,741 (emphases added). In other words,

6

Commerce's certification itself places a burden on U.S. importers (and exporters) to maintain the necessary documentation to demonstrate that their merchandise is not subject to the AD/CVD orders on China. Commerce further noted that "{t}he importer will not be required to submit the certification or supporting documentation to U.S. Customs and Border Protection (CBP) as part of the entry process…the importer and the exporter will be required to present the certification and supporting documentation to Commerce and/or CBP, as applicable, upon request by the respective agency." Id. at 46,742.

20. To address procedural and equity concerns raised by various parties during Commerce's scope and circumvention inquiries, Commerce stated that it planned to expand the period of the administrative review subject to this appeal to include the earliest entry from Vietnam suspended as a result of the preliminary circumvention determination through December 31, 2022. See Final Cir. I&D Mem. at 180-81; Final Circ. Determination, 88 Fed. Reg. at 46,741; see also Prelim. AD Dec. Mem. at 2-3. Commerce then decided to:

> 2. provide an opportunity for interested parties to request AD and/or CVD reviews of unliquidated/suspended entries of merchandise from Vietnam that entered during the expanded PORs (*i.e.*, before January 2022);
> 3. publish a supplementary notice of initiation for any additional requests for review received as a result of this final determination;
> 4. place CBP data on the record of the ongoing AD/CVD reviews for the expanded PORs and allow parties to comment; and
> 5. issue questionnaires to all parties under review in order to ascertain the quantity and value of their suspended entries of both subject and potentially non-subject hardwood plywood from Vietnam.

Final Circ. I&D Mem. at 181. Further, Commerce determined that any company ineligible for the certification regime could request an administrative review of its eligibility to participate in the certification regime through the then-ongoing administrative review (and the review subject to this appeal). See Final Circ. Determination, 88 Fed. Reg. at 46,741; see also Prelim. AD Dec. Mem. at 2-3.

21. In January 2023, certain interested parties requested that Commerce conduct administrative reviews of the AD and CVD orders of hardwood plywood from China. See Prelim. AD Dec. Mem. at 2. Greatwood Hung Yen was among the parties that requested a review. See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 88 Fed. Reg. 15,642 (Dep't of Commerce Mar. 14, 2023).

22. On March 14, 2023, Commerce initiated the fifth administrative review that initially covered the period from January 1, 2022, through December 31, 2022. See Prelim. AD Dec. Mem. at 2. In the review, Commerce stated that it would re-assess the eligibility of blacklist companies for the certification process. See id. at 10.

23. Commerce expanded the POR to begin on September 26, 2021 "to capture the first entry suspended as a result of the circumvention determination" and allowed for "interested parties to request reviews of unliquidated/suspended entries of merchandise from Vietnam that entered from September 26, 2021, through December 31, 2021." Id. at 2-3. Commerce, however, received no additional requests for administrative reviews. Id. at 3.

24. During the course of the fifth review, Greatwood Hung Yen submitted timely no shipment and quantity and value ("Q&V") questionnaire responses to Commerce. See id. at 9-10. All of the companies that responded to the Q&V questionnaires, including Greatwood Hung Yen, stated that they shipped hardwood plywood to the United States that was produced exclusively using core veneers sourced from logs harvested in Vietnam. Id.

25. On August 15, 2024, the Preliminary Results of the fifth administrative review were published in the Federal Register. See Prelim. AD Results, 89 Fed. Reg. at 66,346. Commerce preliminarily continued to find that Greatwood Hung Yen was among the companies eligible to participate in Commerce's certification program (affirming its finding from the earlier

scope/circumvention inquiry). Id. at App. I. Commerce also stated that Greatwood Hung Yen was "currently eligible to participate in certification regime under this Order" and that while it had "suspended entries of hardwood plywood into the United States during the POR," it had "provided Commerce with a certificate of no shipments and ha{d} claimed in its Q&V response that its exports were of non-subject merchandise." Prelim. AD Dec. Mem. at 13. As there "is no evidence on the record of this review to contradict these claims," Commerce "preliminarily accepted them." Id. Commerce then stated it intended to instruct CBP to liquidate any entries of hardwood plywood exported by Greatwood Hung Yen without regard to AD/CVD duties. Id. The draft liquidation instructions included no indication that Commerce intended to limit liquidation without regard to AD/CVD to entries of Greatwood Hung Yen where a certification had been submitted. Commerce additionally noted that it requested Greatwood Hung Yen "provide additional information with respect to their exports, including: (1) the identity of the companies who produced the exported merchandise; and (2) certifications that each of their entries is of nonsubject merchandise, which would have been collected at the time of entry had the companies been eligible to certify their entries then" and intended to consider this information in its Final Results. Id.

26.     On August 21, 2024, Greatwood Hung Yen timely responded to Commerce's request, submitting certifications for entries of hardwood plywood from Vietnam. See Final I&D Mem. at 2.

27.     Plaintiff submitted a case brief for Commerce's consideration prior to issuing the Final Results. See id. at 3, n. 10, 11. Greatwood Hung Yen also submitted a case brief along with the Vietnamese exporters, arguing that, because Commerce determined that Greatwood Hung Yen did not circumvent the orders on hardwood plywood from China, and Commerce found no such evidence during the instant administrative review, Commerce should instruct CBP to liquidate any

suspended, extended, or foreign trade zone ("FTZ") entries of Greatwood Hung Yen's imports from the POR, prior to the POR, or subsequent to the POR, without regard to AD/CVD duties. Id. at 64-65.

28.     Petitioner filed a rebuttal brief, arguing that Commerce should not include instructions to automatically liquidate all of Greatwood Hung Yen's entries without regard to AD/CVD duties, and that Greatwood's entries "may be liquidated without regard to AD/CVD duties if, and only if, the companies and their relevant importers comply with the certification requirements, and the {CBP} instructions should confirm the same." Id. at 65.

29.     On May 19, 2025, the Final Results were published in the Federal Register. See Final Results, 90 Fed. Reg. at 21,271. In the Final Results, Commerce found that it "was appropriate to liquidate… Greatwood Hung Yen's suspended entries from the POR," for which it had "importer and exporter certifications" on the record, without regard to AD/CVD duties. See Final I&D Mem. at 65. Commerce further stated that "Commerce's Circumvention Final Determination requires that for non-subject entries to be liquidated without AD/CVD duties, they must be accompanied by certifications" and that "Greatwood Hung Yen's cooperation during the circumvention inquiry does not nullify the requirement that {it} provide certifications accompanying {its} entries." Id. (emphases added). Finally, Commerce stated that it would instruct CBP to liquidate Greatwood Hung Yen's "suspended entries from the POR for which {it had} provided certifications without regard to AD/CVD duties." Id. (emphasis added).

## VI.     STATEMENT OF THE CLAIMS

### COUNT I

30.     Plaintiff incorporates herein by reference paragraphs 1-29 of this complaint.

31. Commerce's decision in its Final Results suggesting it would limit liquidation of Greatwood Hung Yen's suspended entries without regard to AD/CVD only with respect to those entries of hardwood plywood for which Greatwood Hung Yen provided certifications on the record is not supported by substantial evidence and is otherwise not in accordance with law because it is wholly inconsistent with the certification program established by the final circumvention determination and Commerce's own findings in its final circumvention determination. In the Final Results of the fifth review, Commerce stated that for entries to be liquidated without regard to AD/CVD duties "they must be accompanied by certifications." Id. at 65. Commerce's certification regime, however, requires only that exporters and importers maintain such certifications, not that they submit them. See Final Circ. Determination, 88 Fed. Reg. at 46,741. Furthermore, in its final circumvention determination, Commerce reversed its previous AFA finding regarding Greatwood Hung Yen and determined that Greatwood Hung Yen was eligible for the certification program. Commerce found no evidence on the record of the fifth review suggesting otherwise. Accordingly, its finding in the Final Results that it would "instruct CBP to liquidate… Greatwood's suspended entries from the POR for which they have provided certifications without regard to AD/CVD duties" was not supported by substantial evidence and was otherwise not in accordance with law. Final I&D Mem. at 65.

### VII. DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, and as challenged herein, Plaintiff respectfully prays that this Court:

(1) find that Commerce's actions as described in Count I are not supported by substantial evidence and are otherwise not in accordance with law;

(2) order Commerce to instruct U.S. Customs and Border Protection to liquidate all of Greatwood Hung Yen's entries during the expanded POR without regard to AD/CVD, not just those entries for which certifications were on the record.

(3) order Commerce to issue amended Final Results in the Federal Register in accordance with a final decision by this Court in this matter;

(4) order Commerce to issue cash deposit liquidation instructions to CBP consistent with this Court's decision; and

(5) provide such other relief as this honorable Court deems proper.

Respectfully submitted,

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Jill A. Cramer
Bryan P. Cenko
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to Plaintiff*

Date: July 18, 2025